MORGAN, LEWIS & BOCKIUS LLP
Charles J. Malaret, Bar No. 144001
charles.malaret@morganlewis.com
Kathryn T. McGuigan, Bar No. 232112
kathryn.mcguigan@morganlewis.com
Kent W. Kraushaar, Bar No. 307536
kent.kraushaar@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Attorneys for Defendants,
RAYMOND FU and SHISEIDO AMERICAS
CORPORATION (f/k/a GIARAN, INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASO GOUNTOUMAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GIARAN, INC., a Delaware corporation; RAYMOND FU, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-07720-JFW(PJWx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO DISMISS, OR IN THE ALTERNATIVE STAY ACTION**<br><br>*Honorable John F. Walter*<br>Place:  Courtroom 7A<br>         United States Courthouse<br>         350 W. 1st Street<br>         Los Angeles, CA 90012<br><br>Date:  November 19, 2018<br>Time:  1:30 p.m. |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35316539

DEFENDANTS' REPLY ISO MOTION
AND MOTION TO COMPEL ARBITRATION

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1
II. LEGAL ARGUMENT ......................................................................................... 1
   A. The Arbitration Clause Is Enforceable ..................................................... 1
   B. The Agreement Is A Valid, Enforceable Contract .................................... 2
      1. Plaintiff Accepted The Agreement ................................................. 2
      2. The Agreement Was Final And Not Contingent ........................... 3
      3. The Agreement Was Never Rescinded or Abandoned .................. 4
   C. The Agreement Covers Plaintiff's Claims ................................................ 4
   D. The Arbitration Provision Is Not Unconscionable ................................... 6
      1. The Arbitration Provision Is Not Procedurally Unconscionable .................................................................................. 6
      2. The Arbitration Provision Is Not Substantively Unconscionable .................................................................................. 8
         a. The Armendariz Requirements Are Inapplicable ............ 8
         b. The Arbitration Provision Is Mutual and Incorporates Commonly Accepted AAA Rules ............... 9
         c. Choice of Law Provision Is Not Unconscionable ............ 9
         d. The Forum Selection Clause Is Not Unconscionable .................................................................. 9
         e. The AAA Rules Protect Plaintiff From Her Claims of Hardship Such That The Agreement Is Not Unconscionable ............................................................ 10
      3. Any Offending Provision May Be Severed ............................. 11
   E. Issues of Arbitrability Are Delegated to the Arbitrator ...................... 12
III. CONCLUSION ............................................................................................... 12

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 35316539.7

i

DEFENDANTS' REPLY ISO MOTION
AND MOTION TO COMPEL ARBITRATION

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*AT&T Mobility LLC v. Concepcion,*
 563 U.S. 333 (2011) .................................................................................................. 8

*Davies v. Broadcom Corp.,*
 130 F. Supp. 3d 1343 (C.D. Cal. 2015) ................................................................... 5

*J. A. Jones Const. Co. v. Plumbers & Pipefitters Local 598,*
 568 F.2d 1292 (9th Cir. 1978) ................................................................................. 3

*Simula, Inc. v. Autoliv, Inc.,*
 175 F.3d 716 (9th Cir. 1999) ................................................................................... 4

*Southland Corp. v. Keating,*
 465 U.S. 1 (1984) ..................................................................................................... 1

*United Steelworkers of Am. v. Am. Mfg. Co.,*
 363 U.S. 564 (1960) ............................................................................................... 12

**STATE CASES**

*24 Hour Fitness, Inc. v. Super. Ct.,*
 66 Cal. App. 4th 1199 (1998) .................................................................................. 6

*Armendariz v. Foundation Health Psychcare Servs.,*
 24 Cal. 4th 83 (2000) ......................................................................................passim

*Broughton v. Cigna Healthplans of Cal.,*
 21 Cal. 4th 1066 (1999) ........................................................................................... 2

*Discover Bank v. Superior Court,*
 36 Cal. 4th 148 (2005) ............................................................................................. 8

*Donovan v. RRL Corp.,*
 26 Cal. 4th 261 (2001) ............................................................................................. 2

*Dotson v. Amgen, Inc.,*
 181 Cal. App. 4th 975 (2010) ................................................................................ 11

*Haufler v. Zotos,*
 446 Mass. 489, 845 N.E.2d 322 (2006) .................................................................. 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

DB2/ 35316539

DEFENDANTS' REPLY ISO MOTION
AND MOTION TO COMPEL ARBITRATION

*Kinney v. United Healthcare Servs., Inc.*,
   70 Cal. App. 4th 1322 (1999) .................................................................................. 6

*Lane v. Francis Capital Mgmt. LLC*,
   224 Cal. App. 4th 676 (2014) ................................................................................... 7

*Mastick v. TD Ameritrade, Inc.*,
   209 Cal. App. 4th 1258 (2012) ................................................................................. 1

*Miller v. Cotter*,
   448 Mass. 671 (2007) ............................................................................................... 2

*Nguyen v. Applied Med. Res. Corp.*,
   4 Cal. App. 5th 232 (2016) ....................................................................................... 9

*Rosenthal v. Great W. Fin. Sec. Corp.*,
   14 Cal. 4th 394 (1996) .............................................................................................. 7

*Russell v. Union Oil Co.*,
   7 Cal. App. 3d 110 (1970) ........................................................................................ 2

*Serafin v. Balco Properties, Ltd., LLC*,
   235 Cal. App. 4th 165 ............................................................................................... 7

**STATE STATUTES**

California Code of Civil Procedure
   § 1280 ........................................................................................................................ 2
   § 1670.5 ..................................................................................................................... 6

**FEDERAL STATUTES**

9 U.S.C. § 2 ........................................................................................................................ 1

**OTHER AUTHORITIES**

*Anderson v. Pitney Bowes, Inc.*, No. C 04-4808 SBA, 2005 WL
   1048700, *4 (N.D. Cal., May 4, 2005) .................................................................... 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35316539

iii

DEFENDANTS' REPLY ISO MOTION
AND MOTION TO COMPEL ARBITRATION

# REPLY MEMORANDUM

## I. INTRODUCTION

Plaintiff Vaso Gountoumas' ("Plaintiff") Opposition to Defendants Giaran, Inc.'s ("Giaran") Yun "Raymond" Fu's ("Fu") (collectively "Defendants") Motion to Compel Arbitration provides no valid basis for avoiding her agreement to arbitrate her claims in this action. Plaintiff attempts to support her contentions, with convoluted and ultimately implausible arguments, that there is no enforceable arbitration agreement. Plaintiff, however, *admits* that she signed the Consulting Agreement ("Agreement") on December 15, 2016 and further *admits* that she performed work for Giaran under the Agreement. Now faced with Defendants' Motion, Plaintiff disavows its existence and argues that it was part of a broader arrangement that was never fully consummated but she presents no cognizable evidence to support these arguments. Plaintiff's other arguments fail to meet her burden to demonstrate that the arbitration clause is unenforceable or unconscionable in any way. Thus, based on the parties' mutual agreement to arbitrate, Plaintiff must be compelled to arbitrate her claims.

## II. LEGAL ARGUMENT

### A. The Arbitration Clause Is Enforceable

Section 2 of the FAA provides that any written agreement to arbitrate "in any. . . transaction involving commerce . . . shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA declares a liberal policy favoring the enforcement of arbitration policies and "preempts any contrary state law and is binding on state as well as federal courts." *Mastick v. TD Ameritrade, Inc.*, 209 Cal. App. 4th 1258, 1263 (2012) (*citing Southland Corp. v. Keating*, 465 U.S. 1, 10–16 (1984)). Plaintiff cannot avoid the FAA and its purposes. And even if the FAA does not apply here (which it does), Plaintiff cannot disregard applicable

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DB2/ 35316539

DEFENDANTS' REPLY ISO MOTION
AND MOTION TO COMPEL ARBITRATION

California law or Massachusetts law that enforces such provisions.[1]

## B. The Agreement Is A Valid, Enforceable Contract

Plaintiff's first attack against the enforceability of the arbitration provision is that there never was an agreement in the first place. She makes this argument despite admitting that she signed the Agreement and that she performed work on behalf of Giaran after signing the Agreement. Moreover, the work Plaintiff performed was the exact type of work specified in Exhibit A of the Agreement. Accordingly, Plaintiff's contentions that no agreement was ever formed is refuted by the weight of the undisputed evidence supporting the existence of the agreement.

### 1. Plaintiff Accepted The Agreement.

Setting aside the issue of whether California or Massachusetts law applies, Plaintiff's claim that the Agreement does not constitute a valid and enforceable contract rings hollow. Under California law, a contract is formed when there is an offer and acceptance. *See* CACI No. 309; *Russell v. Union Oil Co.*, 7 Cal. App. 3d 110, 114 (1970). "The objective manifestation of the party's assent ordinarily controls . . ." *Donovan v. RRL Corp.*, 26 Cal. 4th 261, 271 (2001). Here, Plaintiff readily admits that she signed the Agreement on December 15, 2016. Declaration of Vaso Gountoumas in Support of Her Opposition to Defendants' Motion to Compel Arbitration ("Gountoumas Decl.") (Dkt 23-1) at ¶ 35; Declaration of Yun "Raymond" Fu in Support of Defendants' Motion to Compel Arbitration and to Dismiss, or in the Alternative Stay Action ("Fu Decl.") (Dkt 16-3), Ex. B (evidencing Plaintiff's signature on p. 4 of the Agreement). Further, Plaintiff admits that she performed work for Giaran—the exact work as outlined in the contract—after she signed the Agreement. Gountoumas Decl., ¶ 43 ("I continued to perform services for Giaran"). As such, Plaintiff manifested her assent to the

---

[1] California and Massachusetts have a "strong public policy in favor of enforcing arbitration[,]" embodied in the California Arbitration Act and the Massachusetts Arbitration Act. Code Civ. Proc. § 1280 *et seq.*; *see also Broughton v. Cigna Healthplans of Cal.*, 21 Cal. 4th 1066, 1074-1075 (1999); *accord Miller v. Cotter*, 448 Mass. 671, 676 (2007).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35316539

2

DEFENDANTS' REPLY ISO MOTION
AND MOTION TO COMPEL ARBITRATION

Agreement and must be held to the terms of the Agreement.

## 2. The Agreement Was Final And Not Contingent.

In an effort to remove herself from her agreement, and consequently from the arbitration provision, Plaintiff alleges that the Agreement was merely one component of a broader agreement relating to her equity interest in the company. In Plaintiff's view, because there was no fully executed agreement with respect to her purported equity interest in Giaran, then neither the Agreement nor the alleged "Proposed Revision" constituted valid, accepted agreements. In essence, Plaintiff alleges that there was no deal whatsoever. This argument fails for multiple reasons.

First, there is nothing in the Agreement indicating that any provisions or terms had been reserved for further negotiation. Rather, by the Agreement's very language, it constitutes the entire agreement between the parties. Fu Decl., Ex. B at p. 4 ("This Agreement represents the entire understanding between the parties with respect to the subject matter hereof to the exclusion of all other terms and conditions, and no changes, additions, modifications or waivers to this Agreement will be effective unless in writing and signed by both parties").

Second, to the extent that Plaintiff contends that the parties failed to come to an agreement with respect to the broader, so-called "Proposed Revision," Plaintiff's argument is rebutted by her own response to Defendants wherein she replied, "Confirmed," to the terms of the revised agreement that happened before she executed the Agreement. Gountoumas Decl., Ex. 5. Nothing in the correspondence Plaintiff attaches as evidence of the "Proposed Revision" contemplates further negotiation regarding the terms of the parties' purported overall agreement. Further, the fact that Plaintiff's work as an independent contractor was set forth in the Agreement does not establish that the Agreement was contingent upon any other agreement, including a Stock Purchase Agreement.[2]

---

[2] The fact that Defendants did not sign the Agreement does not prevent its enforcement against Plaintiff. See, *J. A. Jones Const. Co. v. Plumbers & Pipefitters Local 598*, 568 F.2d 1292, 1295 (9th Cir. 1978) (". . . [a]ny written contract though

3

### 3. The Agreement Was Never Rescinded or Abandoned.

Plaintiff also argues that the Agreement was purportedly abandoned and mutually rescinded. This argument fails at the outset because there is no evidence that Defendants intended to rescind or waive any of their rights under the Agreement. While Plaintiff claims that Defendants "rescind[ed] and repudiate[ed]" the Agreement via email on February 13, 2017 (Gountoumas Decl., ¶ 48, Ex. 5), these words never appear in that or any other communication. In fact, there is no specific mention of the Agreement at all.

Even if, as Plaintiff contends, the parties intended to "abandon" the Agreement as of February 13, 2017, this purported abandonment only occurred as a result of Plaintiff's failure to follow through on a material obligation of the parties' purported overall agreement—*i.e.*, her relocation to Boston. Defendants' termination of the parties' relationship after Plaintiff's breach does not constitute rescission or abandonment. Further, to the extent Plaintiff asserts that there was a mutual abandonment and rescission of the Agreement, this argument is belied by the fact that Plaintiff initiated this action against Defendants. This action is centered around Plaintiff's allegations that she has an ownership interest for the work that she provided to Giaran. The only agreement ever executed by Plaintiff with respect to her work for Giaran was the Agreement. Defendants are entitled therefore to rely upon the Agreement in defending Plaintiff's claims.

### C. The Agreement Covers Plaintiff's Claims

"To require arbitration, [the plaintiff]'s factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999). In the present case, the arbitration provision in question requires the parties to submit "[a]ny controversy or claim . . . arising out of or

---

signed only by one of the parties binds the other if he accepts it and both act in reliance on it as a valid contract.") (citations omitted); *Haufler v. Zotos*, 446 Mass. 489, 498–99, 845 N.E.2d 322, 331 (2006).

4

relating to" the Agreement to AAA arbitration. At its core, the Agreement sets forth the terms and conditions under which Plaintiff agreed to provide services to Giaran. In Exhibit A to the Agreement, the services Plaintiff agreed to provide included "Marketing, Business Development, Team Setup, [and] Management." Fu Decl., Ex. B. These are precisely the services that Plaintiff alleges in her Complaint that she performed for Defendants that purportedly entitle her to compensation. *See generally* Compl. (Dkt 5-1) ¶¶ 11-14, 20, 21 (among other things, alleging that Plaintiff "proposed marketing and business development strategies," "conducted online market research," "conducted consumer research," "created a marketing and pricing strategy"). Plaintiff further admits she "continued to perform [these] services for Giaran after she signed the Agreement on December 15, 2016." Gountoumas Decl. ¶ 43.

While Plaintiff contends that her claim regarding her purported ownership interest in Giaran "is the central issue in dispute," it is evident that any alleged ownership interest is based on the work she performed for Defendants. Further, Plaintiff's contention that the Complaint is based entirely on her purported oral agreement with Defendants is belied by the claims brought under the California Labor Code and for quantum meruit relating to work she performed under the Agreement. As such, Plaintiff's work cannot be separated from any of the claims alleged in her Complaint and it is self-evident that each of her claims "aris[es] out of or relat[es] to" the work she performed under the Agreement.

Furthermore, Plaintiff's reliance on *Davies v. Broadcom Corp.*, 130 F. Supp. 3d 1343, 1353 (C.D. Cal. 2015) is misplaced, as the case is readily distinguishable. In *Davies*, the plaintiff brought claims based on alleged discrimination and the employer sought to compel arbitration under stock option agreements that had nothing to do with the plaintiff's underlying employment. *Davies*, 130 F. Supp. 3d at 1352–53. Because the plaintiff's "claims [we]re not significantly related to the RSU Agreements," and because the plaintiff had signed other agreements

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DB2/ 35316539

DEFENDANTS' REPLY ISO MOTION
AND MOTION TO COMPEL ARBITRATION

specifically related to the terms and conditions of her employment that did not contain arbitration clauses, the court declined to order the case to arbitration under the RSU Agreements. *Id.* at 1353. Here, the ***only*** written agreement Plaintiff ever signed with respect to her work for Giaran was the Agreement. Thus, the Agreement and Plaintiff's own admissions contradict Plaintiff's claims that her claims are unrelated to the Agreement.

### D. The Arbitration Provision Is Not Unconscionable

Under California law, the Court may not refuse to enforce an arbitration agreement unless procedural and substantive unconscionability are ***both*** proven. *Armendariz v. Foundation Health Psychcare Servs.*, 24 Cal. 4th 83, 114 (2000). Procedural unconscionability focuses on "oppression" or "surprise." *24 Hour Fitness, Inc. v. Super. Ct.*, 66 Cal. App. 4th 1199, 1213 (1998); Cal. Civ. Proc. Code § 1670.5. Substantive unconscionability, on the other hand, "focuses on the terms of the agreement and whether those terms are so one-sided as to 'shock the conscience.'" *Kinney v. United Healthcare Servs., Inc.*, 70 Cal. App. 4th 1322, 1330 (1999); *Armendariz*, 24 Cal. 4th at 119 (finding that agreements must contain at least "a modicum of bilaterality"); *24 Hour Fitness, Inc.*, 66 Cal. App. 4th at 1213 (no substantive unconscionability where the provision applies equally to both parties). These concerns are not present here, because the Arbitration Agreement applies mutually. *Id.* § 3.

#### 1. The Arbitration Provision Is Not Procedurally Unconscionable.

Plaintiff presents two arguments as to why she believes the arbitration provision is procedurally unconscionable: (1) the Agreement was a contract of adhesion; and (2) the arbitration provision was "hidden." Neither of these arguments has any merit.

To begin with, if Plaintiff's allegations are to be believed, the Agreement's genesis arose from Plaintiff's own request that she be given a monetary salary in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DB2/ 35316539

DEFENDANTS' REPLY ISO MOTION
AND MOTION TO COMPEL ARBITRATION

exchange for taking a lower equity interest in Giaran.  Gountoumas Decl. ¶¶ 23–31.  While Plaintiff claims that she did not have an opportunity to negotiate the Agreement and "felt powerless to negotiate better or different terms," there is no indication that she ever even tried.  Plaintiff apparently had the ability to negotiate an alleged oral agreement to take a 15% interest in a company based on little more than "a series of calls" with Defendant Fu.  It strains credibility that Plaintiff somewhere along the line lost her entire ability to negotiate matters regarding her services to Giaran.  Moreover, even if the Agreement could be considered an adhesion contract as Plaintiff asserts, that alone is not sufficient to render it unenforceable as unconscionable.  *See*, *e.g.*, *Serafin v. Balco Properties, Ltd., LLC,* 235 Cal. App. 4th 165, 179 ("fact that [an] arbitration agreement is an adhesion contract does not render it automatically unenforceable as unconscionable"); *Lane v. Francis Capital Mgmt. LLC*, 224 Cal. App. 4th 676, 689 (2014).

   Next, while Plaintiff claims that she was "surprised" by the arbitration provision because it was not drawn to her attention or explained to her, nothing could be further from the truth.  The arbitration provision was not hidden.  Rather, it was contained in a short, five-page contract with only nine substantive paragraphs.  The arbitration provision, itself, is the last paragraph of the contract and located immediately above the signature block where Plaintiff indicated her assent to the Agreement.  As such, her complaints that she was somehow surprised by the arbitration provision ring hollow.  Additionally, while Plaintiff claims that the arbitration provision should have been explained to her, there was no obligation for Defendants to do so.  A person is bound to a contract's terms, even if the person does not read it, and even if the other party tells the person that the documents are "unimportant."  *Rosenthal v. Great W. Fin. Sec. Corp.,* 14 Cal. 4th 394, 423–24 (1996).  Furthermore, Plaintiff's own declaration makes clear that she was planning on hiring an attorney to review her agreements relating to her relationship with Defendants.  Gountoumas Decl. ¶ 32.  Her failure to do so before signing the

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 35316539

7

DEFENDANTS' REPLY ISO MOTION
AND MOTION TO COMPEL ARBITRATION

Agreement cannot be used as a weapon against Defendants.

### 2. The Arbitration Provision Is Not Substantively Unconscionable.

To support her claim that the arbitration provision is substantively unconscionable, Plaintiff presents the following six arguments: (1) the Agreement's choice of law provision would force her to give up her statutory claims under the California Labor Code; (2) the forum selection clause would require her to incur substantial expenses; (3) she would be required to bear half of the costs of arbitration; (4) the wrong attorney's fee recovery standard is applied; (5) adequate judicial review is not provided; and (6) adequate discovery is not provided. These arguments, too, lack merit.

#### a. *The Armendariz Requirements Are Inapplicable*.

As explained in Defendants' moving papers and above, the FAA governs the arbitration provision and preempts the imposition and enforcement of extra provisions under *Armendariz v. Foundation Health Psychcare Servs*., 24 Cal. 4th 83 (2000). Therefore, this Court need not even consider the requirements set forth by the California Supreme Court in *Armendariz*, in evaluating the enforceability of the arbitration provision. In *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), the United States Supreme Court overruled as preempted the California Supreme Court's decision in *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005), finding that California had run afoul of the central premise that arbitration is a matter of contract, that contracts must be enforced per their terms, and that states cannot erect obstacles to their enforcement by imposing conditions not generally applicable to all contracts. *Concepcion,* 563 U.S. at 346–47. Accordingly, *Armendariz*, which imposes conditions to the enforcement of arbitration contracts not applicable to all contracts, is preempted just the same as *Discover Bank* was preempted. Additionally, the *Armendariz* requirements are inapplicable to the dispute because by Plaintiff's own admission, the core of this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DB2/ 35316539

DEFENDANTS' REPLY ISO MOTION
AND MOTION TO COMPEL ARBITRATION

matter is a commercial dispute over the ownership of a company. If Plaintiff's assertions are true, this is not a dispute involving an employer-employee relationship that requires the application of the *Armendariz* factors.

### b. The Arbitration Provision Is Mutual and Incorporates Commonly Accepted AAA Rules.

Debunking Plaintiff's arguments, the arbitration provision at issue is mutual and applies equally between the parties. Further, while the arbitration provision does not articulate all of the rules and procedures that would govern an arbitration under the Agreement, it does incorporate by reference the AAA Commercial Arbitration Rules ("AAA Rules"), which provide the basic protections *Armendariz* requires from an arbitration agreement pertaining to matters of employment. *Nguyen v. Applied Med. Res. Corp.*, 4 Cal. App. 5th 232, 256 (2016) (finding that the *Armendariz* requirements satisfied via incorporation of AAA Employment Arbitration Rules and Mediation Procedures). And, to the extent that the arbitration provision or the applicable AAA rules do not provide the necessary protections, any contrary provisions may be severed while the Agreement is preserved.

### c. Choice of Law Provision Is Not Unconscionable.

Plaintiff argues that the Agreement's Massachusetts choice of law provision renders the arbitration provision unconscionable because she would have to give up her statutory claims under the California Labor Code. Again, Plaintiff admits that the thrust of her Complaint is a commercial dispute over her entitlement (or lack thereof) to an equity interest in Giaran. Plaintiff's Labor Code claims are an afterthought, and even worse, they contradict the explicit terms of the Agreement that Plaintiff signed. Thus, whether Plaintiff would truly be giving up any statutory rights by the application of Massachusetts law is dubious, at best, and certainly not sufficient to meet her burden to show the Agreement is unconscionable.

### d. The Forum Selection Clause Is Not Unconscionable.

Plaintiff next argues that the forum selection clause requiring arbitration of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

DB2/ 35316539

DEFENDANTS' REPLY ISO MOTION
AND MOTION TO COMPEL ARBITRATION

this dispute in Massachusetts is unconscionable because she is a new mother and would have to fly across the country to litigate this case at great expense. The forum selection clause, however, is perfectly reasonable in light of the facts of this case. Giaran is a company founded and headquartered in Boston, Massachusetts. Plaintiff initially sought a role at Giaran and she herself acknowledged that relocation to Boston was required. Fu Decl. ¶¶ 5–6, Ex. A. Later, when Plaintiff signed the Agreement, she admits that the parties' expectation was her relocation to Boston. Gountoumas Decl. ¶¶ 23–31. As such, a forum selection clause requiring arbitration in Massachusetts is imminently reasonable.

### e. *The AAA Rules Protect Plaintiff From Her Claims of Hardship Such That The Agreement Is Not Unconscionable*

Plaintiff further argues that the arbitration provision is unconscionable because she will be forced to incur substantial fees relating to the arbitration. Under *Armendariz*, an employee cannot be required to pay "any type of expense that the employee would not be required to bear if he or she were free to bring the action in court." *Armendariz*, 24 Cal. 4th at 110–11. Here, the AAA rules provide the arbitrator with the authority to apportion fees and expenses. *See* AAA Rules R-47, R-53. The arbitration provision therefore satisfies the requirement on arbitration-related expenses and allows the arbitrator to determine what costs and fees must be paid and by whom.

Similarly, Plaintiff asserts that the arbitration provision is unconscionable based on its attorney's fee provision, which does not limit an award of attorney's fees to Defendants. Plaintiff contends that because California courts only allow a defendant employer to recover attorney's fees and costs in frivolous or bad faith cases, the arbitration provision applies the wrong standard. Pursuant to the AAA Rules, the arbitrator is permitted to order "an award of attorneys' fees" if all parties have requested such an award or it is authorized by law or their arbitration

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 35316539

10

DEFENDANTS' REPLY ISO MOTION
AND MOTION TO COMPEL ARBITRATION

agreement." *See* AAA Rules R-47.  The Agreement, again, protects Plaintiff.

Plaintiff also asserts that the arbitration provision does not provide adequate appellate review.  Under *Armendariz,* 24 Cal. 4th at 107, "in order for … judicial review to be successfully accomplished, an arbitrator in a FEHA case must issue a written arbitration decision that will reveal, however briefly, the essential findings and conclusions on which the award is based."  However, the applicable AAA rules provide that "[a]ny award shall be in writing and signed by a majority of the arbitrators." AAA R-46.  Nothing more is required.  24 Cal. 4th at 107.

Plaintiff also contends that the arbitration provision cannot be enforced as written because the applicable AAA rules do not provide for adequate discovery.  Mutual limitations on discovery, however, do not render an arbitration agreement procedurally unconscionable, particularly where the arbitrator is permitted to authorize discovery as needed.  *Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 983 (2010).  The AAA rules provide that "[t]he arbitrator shall manage any necessary exchange of information among the parties with a view to achieving an efficient and economical resolution of the dispute, while at the same time promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses."  *See* AAA R-22(a).  Thus, the discovery procedures in the AAA rules are adequate to protect Plaintiff.

### 3. Any Offending Provision May Be Severed

Even assuming that Plaintiffs' substantive unconscionability arguments could succeed, the Court still should enforce the Agreement after severing any allegedly offending provision.  A court may sever unconscionable provisions unless the entire agreement is "permeated" with unconscionability.  *Armendariz,* 24 Cal. 4th at 122, 124–25.  The Agreement, itself, also allows severability to preserve the Agreement.  Fu Decl., Ex. B, ¶ 8.  Here, the Court should sever any clauses it deems inappropriate without affecting the rest of the Agreement so that the parties' agreement to arbitrate the Plaintiff's claims may be enforced.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 35316539

11

DEFENDANTS' REPLY ISO MOTION
AND MOTION TO COMPEL ARBITRATION

### E. Issues of Arbitrability Are Delegated to the Arbitrator

Lastly, all of the above discussion may be largely academic considering the AAA rules delegate the determination of the threshold arbitrability issues to the arbitrator. *See* AAA Rules R-7 ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.")  This Court's only obligation therefore is to determine whether Plaintiff's claims are, on their face, governed by the contract. *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 567-68 (1960); *Anderson v. Pitney Bowes, Inc.*, No. C 04-4808 SBA, 2005 WL 1048700, *4 (N.D. Cal., May 4, 2005) (courts "conduct[] a *facial and limited review* of [a] contract" when deciding "whether the parties have in fact clearly and unmistakably agreed to commit the question of arbitrability to the arbitrator").

Plaintiff, however, contends that the AAA rules' delegation should not apply in this case because she is not sophisticated in legal matters and did not recognize the importance or effect of the delegation.  Plaintiff's alleged lack of sophistication are belied by her claims in her own Complaint and declaration.  Plaintiff's claims that she was qualified to serve as a CEO and that she knew enough to seek the advice of attorneys.  A person who claims to be qualified to be a CEO cannot claim with credibility that she lacks the sophistication necessary to understand the AAA rules or the effect of those rules.  Gountoumas Decl. ¶¶ 10 and 32.

### III. CONCLUSION

Defendants' Motion to Compel Arbitration should be GRANTED.

Dated:  November 5, 2018

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Charles J. Malaret
Charles J. Malaret

Attorneys for Defendants, Shiseido Americas Corporation and Raymond Fu

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35316539

12

DEFENDANTS' REPLY ISO MOTION
AND MOTION TO COMPEL ARBITRATION